IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MILLER,<br><br>    Plaintiff,<br><br>  v.<br><br>RAVENSWOOD CITY UNIFIED SCHOOL DISTRICT, CHARLIE KNIGHT, MACK MCCLENDON, FLOYD GONELLA, and DOES 1 through 10, Inclusive,<br><br>    Defendants.<br>_____/ | No. C 04-03569 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT AND VACATING HEARING** |

### INTRODUCTION

In this employment-discrimination action, Ravenswood City Unified School District ("Ravenswood") and Charlie Knight have moved to dismiss various claims of plaintiff's second amended complaint. No opposition was filed. This order **GRANTS** defendants' motion to dismiss, but **DENIES** the request for attorney's fees.

### STATEMENT

Plaintiff Christina Miller alleges that while she was employed by Ravenswood, she was sexually harassed by defendant Mack McClendon. Defendants Charlie Knight and Floyd Gonella were allegedly unresponsive when she complained about McClendon's behavior. She further alleges that she was retaliated against and wrongfully terminated. In addition, plaintiff claims she suffered a work-related injury and was refused accommodation. She has received a right-to-sue letter in accordance with 42 U.S.C. 2000e.

1    Plaintiff alleges five causes of action in her second amended complaint:  (1) tortious
2 termination, specifically Title VII, ADA, FMLA, and Rehabilitation Act violations by
3 Ravenswood and FEHA, FLSA and Worker's Compensation Appeals Act violations by "the
4 employer," although it is unclear whether this is also a reference to Ravenswood; (2) conspiracy
5 by defendants McClendon, Knight and Gonella in violation of 42 U.S.C. 1983, 1985 and 1986;
6 (3) sexual harassment in violation of Title VII and California Government Code §§ 12940 *et.*
7 *seq.*; (4) retaliation and harassment causing emotional distress; and (5) disability discrimination
8 in violation of Title II of the American Disabilities Act and Section 132(a) of the California
9 Worker's Compensation Appeals Act.

10   This motion to dismiss raises the exact same issues which were asserted in defendants'
11 two previous motions.  Defendants Ravenswood and Knight argue that plaintiff's state law
12 causes of action should be dismissed with prejudice because the second amended complaint still
13 fails to allege compliance with the claims presentation requirement of the California Tort
14 Claims Act.  Defendant Knight also argues that the second amended complaint fails to reflect
15 that the Court's previous orders dismissed the Title VII, ADA, and FEHA claims against her
16 with prejudice.  Because counsel declined to stipulate to resolve these issues, defendants also
17 move for an award of $507.50 in attorney's fees for filing this motion (Shupe Decl. ¶ 3).  In
18 addition, defendants move for terminating sanctions, requesting dismissal of the entire action
19 with prejudice should these pleading defects be repeated in the next amended complaint (Br. 7).

20   Although the deadline for filing was May 26, 2005, plaintiff has not filed an opposition
21 to this motion, despite repeated warnings that untimely submissions will not be considered.

**ANALYSIS**

23   The primary issue in dispute is whether plaintiff complied with the claims presentation
24 requirements set forth by California Government Code §§ 900 *et. seq*.  The purpose of the
25 claims presentation requirement is to provide the public entity with sufficient information to
26 enable it to adequately investigate potential claims against it.  At a minimum this requires that
27 individuals "describe the existence of a claim that if not paid or otherwise resolved will result in
28 litigation."  *Phillips v. Desert Hosp. Dist.*, 780 P.2d 349, 353–54 (Cal. 1989).

Here, plaintiff has appended to the second amended complaint (1) her claim for workers' compensation benefits related to her back injury; (2) a letter to the Deputy Labor Commissioner, complaining that her short-term disability check had not been mailed to her; and (3) a memorandum to her supervisor requesting the presence of "at least one other person" in her future interactions with defendant McClendon, after an incident when he yelled at her during a staff meeting (Miller Decl. Exhs. A–C). None of these documents sufficiently describe plaintiff's claims or her intent to litigate if these claims were not otherwise resolved.

Accordingly, this order finds that plaintiff did not substantially comply with California Government Code §§ 910 and 910.2. Nor does any document submitted by plaintiff as an exhibit to her second amended complaint qualify as a "defective claim," which would have triggered defendants' obligation to give notice of insufficiency pursuant to California Government Code §§ 910.8–911.

## CONCLUSION

In summary, defendants' motion to dismiss is **GRANTED**. Plaintiff's first and fourth claims, asserting state law causes of action, are **DISMISSED WITH PREJUDICE**. In addition, to the extent that the second amended complaint does not already clarify that plaintiff's claims under Title VII, ADA, Rehabilitation Act and FEHA are alleged only against defendant Ravenswood, the Court stresses that these claims have already been **DISMISSED WITH PREJUDICE** with respect to the individual defendants by previous order.

Defendants' request for attorney's fees, however, is **DENIED**. Because this order does not grant plaintiff leave to amend, defendants' request for terminating sanctions if the dismissed claims are raised in a further amended complaint is **RENDERED MOOT**. The hearing on this motion, currently scheduled for **JUNE 16, 2005**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 1, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE