John A. Shupe, Esq., SBN: 87716
Anita L. Rimes, Esq., SBN: 215534
Eric K. Shiu, Esq., SBN: 156167
SHUPE AND FINKELSTEIN
177 Bovet Road, Suite 600
San Mateo, CA  94402
Telephone:     (650) 341-3693
Facsimile:     (650) 341-1395

Attorneys for Defendant RAVENSWOOD CITY
SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA MILLER,<br><br>          Plaintiffs,<br><br>     v.<br><br>RAVENSWOOD CITY UNIFIED SCHOOL DISTRICT, CHARLIE KNIGHT, MACK MCCLENDON, FLOYD GONELLA, DOES 1 through 10, Inclusive,<br><br>          Defendants. | CASE NO: C 04 3569 WHA<br><br>**ORDER GRANTING, DENYING AND OTHERWISE RULING UPON PLAINTIFF'S AND DEFENDANT'S MOTIONS IN LIMINE**<br><br>Trial Date: January 29, 2007 |

A pretrial conference in this action was held on January 16, 2007, at which time both plaintiff Christina Miller and defendant Ravenswood City School District appeared through their separate counsel of record and argued their respective motions in limine. The Court, having reviewed the moving and opposition papers, as well as oral argument, issued its rulings on said motions at the pre trial conference, and now enters this order reflecting those rulings on each motion.

Plaintiff's Motions.

1.  Motion number one, to exclude expert opinion of defendant's retained expert Jane Enright and of defendant's disclosed, non-retained experts Maria Ibarra and Keenan custodian of records is GRANTED as to Jane Enright UNLESS defendant makes Ms. Enright available for plaintiff's counsel to take her deposition for up to one-half day at defendant's expense including

plaintiff's attorneys fees incurred taking same and defendant produces an amended Expert Report from Ms. Enright, by no later than Friday January 19, 2007, which provides information supporting Ms. Enright's opinion on whether the sexual harassment prohibitions and complaint procedures set forth in Ravenswood policies and regulations meet the standard of care for such matters. Said deposition time to be at the convenience of plaintiff's counsel Ms. Boyd. Plaintiff's Motion Number one is DENIED as to the testimony of Maria Ibarra and the custodian of records without prejudice to plaintiff raising the matter by objection if there is insufficient foundation in personal knowledge for Ms. Ibarra's expert testimony, on a question by question basis.

2. Plaintiff's Motion Number two to exclude undisclosed evidence, is DENIED, without prejudice to either party making such objections on a timely basis during trial.

3. Plaintiff's Motion Number three to exclude evidence supporting the Ellerth affirmative defense is DENIED because that matter is a question for the jury.

4. Plaintiff's Motion Number four to exclude evidence of defendant's sexual harassment related policies and procedures is DENIED, because those materials present jury questions.

Defendant's Motions.

1. Defendant's Motion number one to exclude evidence offered on claims which have been dismissed by virtue of the Court's prior rulings is GRANTED as to the six claims listed in the defendant's motion. Provided, however, that if plaintiff can make a preliminary showing that any School District action to fire her, or to deny her pay, or workers compensation benefit was the result of sexual harassment by Mack McLendon then plaintiff shall have the opportunity to so prove.

2. Defendant's Motion number two to exclude evidence of forgery regarding how plaintiff's signature appeared on resignation documents is DENIED without prejudice to defense counsel objecting if the evidence plaintiff offers on that claim is inadmissable.

3. Defendant's Motion number three to exclude testimony of undisclosed expert plaintiff's workers compensation physician Dr. Abed Qurishi, is GRANTED.

4. Defendant's Motion number four to completely exclude testimony of witness Shiela Arcara is DENIED. Defendant's alternative Motion number four to exclude those portions of Ms.

Arcara's testimony which are inadmissable is resolved as follows: defendant shall have an opportunity to take Ms. Arcara's deposition for up two hours, said deposition to be completed by Wednesday, January 24, defendant to subpena said witness, and counsel to reasonably cooperate in scheduling said deposition, after which defendant shall present the Court with a revised motion to exclude only those portions of the witnesses' expected testimony which would be inadmissable as heresay or speculation, argument, conclusion or lacking in personal knowledge based on information learned at Ms. Arcara's deposition, leading to rulings on such matters prior to Ms. Arcara's testimony at trial.

5. Defendant's Motion number five to exclude evidence of plaintiff' physical and/or medical ~~mental~~ injuries caused by defendant's alleged retaliation, or discrimination, or wrongful termination or by any conduct which is the focus of a claim which has been dismissed, is GRANTED. However, plaintiff can put on otherwise admissible evidence of her alleged emotional distress caused by Mr. McLendon's alleged sexual harassment.

6. Defendant's Motion number six to exclude evidence offered to prove or suggest that plaintiff could be terminated from her employment by other than action taken by the governing board of the defendant School District, is resolved as follows: plaintiff and defendant shall reach a stipulation that as a matter of substantive California law Ms. Miller could not be terminated from her employment absent action to terminate taken by the District governing board, and if the parties fail to reach such a stipulation the Court shall instruct the jury on that California law.

IT IS SO ORDERED.

Dated: January 22, 2007

_____
Judge, United States District Court

*IT IS SO ORDERED*
*Judge William Alsup*

Order Granting, Denying & Otherwise Ruling
Upon Plf's & Def's Motions In Limine     Case No. C 04 3569 WHA     Page 3